**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2012 APR -5  PM 4:21

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| Michael Lauer, Board of Trustees Chairman, and<br>William Nix, Board of Trustees Secretary, on behalf<br>of the INDIANA STATE COUNCIL OF CARPENTERS<br>PENSION FUND;<br><br>David Tharp, Board of Trustees Chairman, on behalf of<br>INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL<br>OF CARPENTERS DEFINED CONTRIBUTION<br>PENSION TRUST FUND;<br><br>David Tharp, Board of Trustees Co-Chairman, and<br>William Nix, Board of Trustees Co-Chairman, on behalf<br>of INDIANA/KENTUCKY/OHIO REGIONAL<br>COUNCIL OF CARPENTERS WELFARE FUND;<br><br>David Tharp, Board of Trustees Chairman, and<br>Joe Coar, Board of Trustees Secretary, on behalf of<br>INDIANA CARPENTERS APPRENTICESHIP FUND<br>AND JOURNEYMAN UPGRADE PROGRAM;<br><br>Douglas J. McCarron, Board of Trustees Chairman,<br>on behalf of UNITED BROTHERHOOD OF<br>CARPENTERS APPRENTICESHIP TRAINING FUND<br>OF NORTH AMERICA;<br><br>and,<br><br>INDIANA/KENTUCKY/OHIO REGIONAL<br>COUNCIL OF CARPENTERS,<br><br>Plaintiffs,<br>vs.<br><br>SULLIVAN CONSTRUCTION INC.<br>and MEGAN SULLIVAN<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CASE NO. |

**1 : 12 -cv- 0 4 5 0 JMS -TAB**

## COMPLAINT

Plaintiffs **Michael Lauer, Board of Trustees Chairman and William Nix, Board of**

Trustees Secretary, on behalf of the **INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND**; David Tharp, Board of Trustees Chairman, on behalf of **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND**; David Tharp, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND**; David Tharp, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of **INDIANA CARPENTERS APPRENTICESHIP FUND AND JOURNEYMAN UPGRADE PROGRAM**; Douglas J. McCarron, Board of Trustees Chairman, on behalf of **UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA**; and, **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS**, by their attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD.**, complain of Defendants **SULLIVAN CONSTRUCTION INC.** and **MEGAN SULLIVAN**, stating as follows:

### COUNT I

1.    This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145, and is brought by Plaintiffs **Michael Lauer, Board of Trustees Chairman and William Nix, Board of Trustees Secretary, on behalf of the INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND; David Tharp, Board of Trustees Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; David Tharp, Board of Trustees Co-**

Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; David Tharp, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA CARPENTERS APPRENTICESHIP FUND AND JOURNEYMAN UPGRADE PROGRAM; and, Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA ("UBCATF"), (collectively referred to as the "Trust Funds") in order to judicially enforce the obligations owed, and breached, by Defendant SULLIVAN CONSTRUCTION INC. ("Sullivan Construction") to the Plaintiffs Trust Funds. More specifically, Plaintiffs Trust Funds seek an order compelling Defendant Sullivan Construction to submit all of its required monthly reporting forms for the period of November 2011 through the present date and to pay any delinquent contributions owed for the above stated period to Plaintiffs Trust Funds. Plaintiffs Trust Funds also seek an order directing Sullivan Construction to pay any liquidated damages and interest on the delinquent contributions, plus attorneys' fees and costs incurred by Plaintiffs as a result of being forced to bring this action.

2.      Plaintiffs Trust Funds are employee benefit funds within the meaning of and subject to ERISA. The Plaintiffs Trust Funds provide benefits for employees working within this judicial district and are, themselves, administered in this judicial district, with the exception of UBCATF.

3.      At all times materials herein, Defendant Sullivan Construction has employed employees within this judicial district.

4.      At all times material herein, Defendant Sullivan Construction has been a signatory to a collective bargaining agreement with the Indiana/Kentucky/Ohio Regional Council of Carpenters ("Union") and, as such, is bound by the Plaintiffs Trust Funds' Agreements and Declarations of Trust ("Trust Agreements").

3

**5.** Defendant Sullivan Construction breached the Agreements identified in Paragraph 4 of this Count and is in violation of Sections 502 and 515 of ERISA (and 29 U.S.C. § 185) by failing to pay the delinquent contributions and contractually required interest and liquidated damages owed for the period of November 2011 to the present date to the Plaintiffs Trust Funds.

**6.** Despite Plaintiffs Trust Funds' requests, Defendant Sullivan Construction has failed to pay the contractually and statutorily required monies.

**7.** In certain circumstances, one or more of Plaintiffs Trust Funds may have a continuing obligation to provide benefits to Defendant's employees regardless of whether Defendant Sullivan Construction submits its contribution payments.

**8.** Defendant Sullivan Construction's failure to make its required contributions to Plaintiffs Trust Funds jeopardizes the actuarial soundness and financial stability of the Funds.

**9.** Plaintiffs Trust Funds' participants (in addition to Defendant's employees) may be put at risk with respect to any and all of the benefits to which they would be entitled, but for Defendant Sullivan Construction's breach of its statutory and contractual obligations to make hourly contributions for all hours worked by its employees.

**10.** Plaintiffs Trust Funds will be required to incur the needless administrative costs of collection.

**11.** Defendant Sullivan Construction has shown persistent contempt for its statutory and contractual obligations as well as the entitlement and needs of its employees and the Funds' participants. It is likely that Defendant Sullivan Construction would have continued in its failure to pay the required contributions to Plaintiffs Trust Funds, and, absent an injunction, Plaintiffs Trust Funds' prospects for collecting the delinquent monies are decreased given a "non-injunction" situation where any collection action would require the filing of a new lawsuit with its corresponding time-period for a defendant to answer or otherwise plead.

4

12.     Absent injunctive relief, Plaintiffs Trust Funds will be unable to ensure that the effected employees, and perhaps other participants of the Funds such as spouse and dependents, will be able to receive all of the benefits provided by the Funds. Further, without injunctive relief, other contributing employers may be encouraged to follow Defendant Sullivan Construction's illegal conduct and their participants in Plaintiffs Trust Funds may also be put at risk.

13.     Issuance of an injunction will support the policy that employers who enter into collective bargaining agreements requiring them to contribute to employee benefit funds live up to their contractual and statutory obligations; furthermore, it will ensure the continued vitality of such employee fringe benefits funds and will ensure that the purposes for which ERISA, Sec. 29 U.S.C. §1001, et seq., were enacted will continue to be served.

14.     Plaintiffs Trust Funds have satisfied all statutory prerequisites as set forth in 29 U.S.C. §1132 (h).

WHEREFORE, Plaintiffs Trust Funds pray this Court order that:

1.     Defendant Sullivan Construction submit all of its delinquent monthly reporting forms for the period of November 1, 2011 through the present date and pay the delinquent contributions, interest and liquidated damages owed for that period to Plaintiffs Trust Funds;

2.     Defendant Sullivan Construction pay statutory post-judgment interest on all principal contributions found due by this Order;

3.     Defendant Sullivan Construction pay Plaintiffs Trust Funds' attorneys' fees and costs incurred herein; and,

4.     Defendant Sullivan Construction shall be enjoined from future violations of Its statutory and contractual obligations to Plaintiffs Trust Funds; and,

5

**5.**     Such other and further relief that this Court may find just and proper be entered against Defendant Sullivan Construction.

## COUNT II

**1.**     Plaintiff **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

**2.**     At all times material herein, Defendant **SULLIVAN CONSTRUCTION, INC.** ("Sullivan Construction")  has been engaged in an industry affecting interstate commerce and employs individuals working within this judicial district.

**3.**     This Court has jurisdiction of this action pursuant to Section 301 of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185 ("LMRA").

**4.**     At all times material herein, Defendant Sullivan Construction has been signatory to a collective bargaining agreement with the Union.  Included among the contractual obligations between the parties is the requirement that Sullivan Construction submits its monthly reporting forms and make payroll deductions to the Union.

**5.**     Defendant Sullivan Construction is in breach of its contractual obligations to the Union by failing to submit its monthly reporting forms for the period of November 1, 2011 through the present date and to pay the delinquent deductions, plus interest and liquidated damages owed thereon.

**6.**     Despite the Union's request, Defendant Sullivan Construction has failed to submit its monthly reports and pay the monies identified in this Count.

WHEREFORE, Plaintiff Union prays this Court order that:

1.      Defendant Sullivan Construction submit the required monthly reporting forms for the period of November 1, 2011 through the present date and pay the delinquent deductions, interest and liquidated damages owed for set period to the Plaintiff Union;

2.      Defendant Sullivan Construction pay statutory post-judgment interest on all principal deductions found due by this Order;

3.      Defendant Sullivan Construction pay Plaintiff Union's attorneys' fees and costs incurred herein; and,

4.      Such other and further relief that this Court may find just and proper be entered against Defendant Sullivan Construction.

## COUNT III
## Common Law Tortious Conversion

1.      Plaintiff **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

2.      At all times material herein, Defendant **MEGAN SULLIVAN** ("Megan Sullivan") has been engaged in an industry affecting interstate commerce and employs individuals working within this judicial district.

3.      At all times material herein, Defendant Megan Sullivan has been signatory to a collective bargaining agreement with the Union.

4.      Despite the Union's request, Defendant Megan Sullivan has failed to pay the monies identified in this Count.

5.      Among the obligations created by the collective bargaining agreement is the

7

requirement that Defendant Megan Sullivan make deductions from its bargaining unit employees' paychecks for working assessment, market recovery and a federal credit union ("vacation"), and that, thereafter, by a date certain in the month following the month the deductions are made from the pay checks, such monies are to be transmitted by the Defendant to Plaintiff Union's designated depository.

6.      Defendant breached its obligation to transfer said monies, which it had deducted from its bargaining unit employees' paychecks, to the designated depository by the due date for transfer at which time said monies became the property of Plaintiff Union and its represented employees and to which Plaintiff Union had an immediate, unqualified right to then possess resting on a superior claim of title.

7.      At all times material herein, Defendant Megan Sullivan has been the Operation-Manager or President of Sullivan Construction Inc.  In such a capacity, she was responsible for Sullivan Construction's compliance with the obligations and duties set forth in the collective bargaining agreement, including ensuring that all wages were properly paid, all deductions were properly made and withheld, and that said monies were held only for the contractually permitted period of time, and ultimately that said deducted monies were timely remitted with an accompanying monthly report form to Plaintiff Union/its designated third party depository.

8.      The required payroll deductions from the bargaining unit employees' paychecks were made, but were not transmitted to the depository by the date certain required by the collective bargaining agreement, but instead were withheld from Plaintiff Union without authorization.

9.      Defendant Darlene Sullivan , who was ultimately responsible for the decision to not transmit the deductions, appropriated and exercised dominion over these deductions to Megan Sullivan's and Sullivan Construction's own use and benefit in exclusion and defiance of the rights of the Union, and/ or withheld these deductions in his possession under a claim and title

8

inconsistent with the Union's own and its representative capacity on behalf of the employer's bargaining unit employees, thus leaving Megan Sullivan personally liable for the monies which would have been paid to the contractually designated third party depository.

10. This Court has jurisdiction of this Count pursuant to 28 U.S.C. §1367.

WHEREFORE, Plaintiff Union prays this Court order that:

1. Defendant Megan Sullivan pay the delinquent deductions, interest and liquidated damages to the Plaintiff Union owed for the period of November 1, 2011 through the present date;

2. Defendant Megan Sullivan pay statutory post-judgment interest on all principal deductions as found due by this Order;

3. Defendant Megan Sullivan pay Plaintiff Union's attorneys' fees and costs incurred herein; and,

4. Such other and further relief that this Court may find just and proper be entered against Defendant Megan Sullivan.

### COUNT IV
### Conversion : Civil Cause of Action for Criminal Conversion Pursuant to I.C. 34-24-3-1

1. Plaintiff **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

2. At all times material herein, Defendant **MEGAN SULLIVAN** ("Megan Sullivan") has been engaged in an industry affecting interstate commerce and employs individuals working within this judicial district.

3. At all times material herein, Defendant Megan Sullivan has been signatory to a collective bargaining agreement with the Union.

9

**4.** Despite the Union's request, Defendant Megan Sullivan has failed to pay the monies identified in this Count.

**5.** Among the obligations created by the collective bargaining agreement is the requirement that Defendant Megan Sullivan make deductions from its bargaining unit employees' paychecks for working assessment, market recovery and a federal credit union ("Vacation monies"), and that, thereafter, by a date certain in the month following the month the deductions are made from the pay checks, such monies are to be transmitted by Defendant Megan Sullivan to the Plaintiff Union's designated depository.

**6.** Defendant Megan Sullivan breached its obligation to transfer said monies which were deducted from its bargaining unit employees' paychecks, to the designated depository by the due date for transfer at which time said monies became the property of Plaintiff Union and its represented employees and to which Plaintiff Union had an immediate, unqualified right to then possess resting on a superior claim of title.

**7.** A civil action under the criminal conversion statute is permitted by Ind. Code § 34-24-3-1 ("Indiana's Civil Conversion Statute), which provides that:

> "Offenses against property; recovery of damages, costs, and attorney's fee
> Sec. 1. If a person has an unpaid claim on a liability that is covered by IC 24-4.6-5 or suffers a pecuniary loss as a result of a violation of IC 35-43, IC 35-42-3-3, IC 35-42-3-4, or IC 35-45-9, the person may bring a civil action against the person who caused the loss for the following:
> (1) An amount not to exceed three (3) times:
> > (A) the actual damages of the person suffering the loss, in the case of a liability that is not covered by IC 24-4.6-5; or,
> > (B) the total pump price of the motor fuel received, in the case of a liability that is covered by IC 24-4.6-5."

**8.** Pursuant to Indiana's Civil Conversion Statute, the amounts deducted from the employees' checks are not just a simple debt, but constitute a specific chattel, determined by the precise amounts agreed to with the Union for deductions, that Defendant Megan Sullivan was

entrusted to apply to the specific purpose of paying the Union's designated depository on behalf of the employees from whose checks the deductions were taken.

9.    As such, the deliberate and intentional non-payment/withholding and failure to pay over of the deductions to Plaintiff Union and its designated depository beyond the date(s) certain on which they were to be transferred constitutes a wrongful taking and conversion of the dues monies.

10.    Pursuant to IC 35-43-4-3 (a), "a person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor.

11.    Defendant Megan Sullivan knew these deductions from the employees' paychecks were to be paid over to Plaintiff Union or its designated depository by a specific date each month, but withheld the deducted monies from Plaintiff Union beyond the date(s) certain on which they were to be delivered and used the deductions for his own or the company's own purposes.

12.    Defendant Megan Sullivan thereby knowingly and intentionally exerted unauthorized control over the management and disposition of all monies deducted from the paychecks of Plaintiff Union's bargaining unit members employed by Defendant Megan Sullivan.

13.    Plaintiff Union and its represented bargaining unit employees suffered a pecuniary loss as a result of defendant's violation.

14.    Because the civil conversion statute applies to the amounts owed Plaintiff Union in its representative capacity Plaintiff Union is entitled to an award under the civil conversion statute not to exceed three times the actual loss, the costs of this action and a reasonable attorneys' fee.

15.    This Court has jurisdiction of this Count pursuant to 28 U.S.C. §1367.

WHEREFORE, Plaintiff Union prays this Court enter Judgment in its favor and order that:

11

1.     Defendant Megan Sullivan pay the delinquent deductions, interest and liquidated damages owed to the Plaintiff Union for the period of November 1, 2011 through the present date;

2.     Defendant Megan Sullivan pay statutory post-judgment interest on all principal deductions as found due by this Order;

3.     Defendant Megan Sullivan pay treble damages for the statutory conversion of the total deductions found due by this Order;

4.     Defendant Megan Sullivan pay Plaintiff Union's attorneys' fees and costs incurred herein; and,

5.     Such other and further relief that this Court may find just and proper be entered against Defendant Megan Sullivan.

Respectfully submitted,

PAUL T. BERKOWITZ & ASSOCIATES, LTD.

By_____

PLAINTIFFS' ATTORNEYS


PAUL T. BERKOWITZ & ASSOCIATES, LTD.
123 West Madison Street, Suite 600
Chicago, Illinois 60602
P: (312) 419-0001
F: (312) 419-0002
E: paul@ptblaw.com
Attorney ID #19025-49