UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL LAUER, *et al.*, )<br>    *Plaintiffs*, )<br> )<br>    *vs.* )<br> )<br>SULLIVAN CONSTRUCTION, INC., *et al.*, )<br>    *Defendants.* )<br> ) | 1:12-cv-450-JMS-TAB |

### ORDER DENYING MOTION FOR CLERK'S ENTRY OF DEFAULT

Plaintiffs have requested a clerk's entry of default. [Dkt. 9.] For the following reasons, Plaintiffs' motion is **DENIED**.

Plaintiffs have established that individual defendant Megan Sullivan was served in person on July 23, 2012. [Dkt. 8 at 3.] Before obtaining default, however, the Civil Servicemembers Relief Act requires the Plaintiffs to file an affidavit "stating whether or not the defendant is in the military service and showing necessary facts to support the affidavit." 50 App. U.S.C. § 521(b). Plaintiffs' affidavit states that "[t]o the best of the undersigned's knowledge and belief, Defendant Megan Sullivan is not in the military service." [Dkt. 9-1 at 1.] This allegation is insufficient for two reasons. First, allegations made on information and belief are insufficient to establish personal knowledge. *See, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (in the context of jurisdiction). Second, the affiant does not "show[] necessary facts to support" the contention, as required by the statute. 50 App. U.S.C. § 521(b). If Plaintiffs do not know Ms. Sullivan's military status, they must consult the website that the Department of Defense maintains so that the public may comply with the Act. Because Plaintiffs have failed to comply with the requirements of the Civil Servicemembers Relief Act, their request for clerk's entry of default regarding Ms. Sullivan is **DENIED**.

With respect to Defendant Sullivan Construction, Inc. ("Sullivan Construction"), Plaintiffs filed a return of service indicating that the summons was sent to Sullivan Construction by certified mail on April 16, 2012, and signed for by Dillon Phillips. [Dkt. 6.] The mailing was not addressed to the care of an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, *see* Fed. R. Civ. Pro. 4(h); Ind. R. Tr. Pro. 4.6(A), and there is no indication who Mr. Phillips is. These evidentiary deficiencies "pose more than a theoretical problem. It is a long-accepted proposition of Indiana law that the very concept of 'service,' across various statutory contexts, includes the ability to provide proof of that service in court." *Homer v. Jones-Bey*, 415 F.3d 748, 755 (7th Cir. 2005). Accordingly, Plaintiffs' request for clerk's entry of default regarding Sullivan Construction is **DENIED**.

10/25/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Paul T. Berkowitz
PAUL T. BERKOWITZ & ASSOCIATES, LTD.
paul@ptblaw.com

Thomas Edward Moss
PAUL T. BERKOWITZ & ASSOCIATES
tom@ptblaw.com